By the Court
 

 (Marshall, C. J.).
 

 This is an original suit in this court praying the writ of mandamus to compel the auditor of Delaware county to issue his warrant upon the treasurer of said county in favor of relator in the sum of $356.40, the same to be charged against the funds to the credit of the board of education of Delaware county, Ohio.
 

 The petition alleges that on May 2,1931, a suit was begun in the common pleas court of Delaware county, in which the members of the county board of education of Delaware county were defendants; said suit involving the question of the transfer of certain territory in Delaware county from one school district to another. The board of education desiring to resist said action did not avail itself of the services of the prosecuting attorney of Delaware county, as it might have done by virtue of Section 4761, General Code, but, on the contrary, elected to employ the services of the relator to defend said action. Relator was accordingly employed and defended the action successfully. In due course the relator presented his bill for services and expenses in the sum of $356.40. The board of education approved and allowed the bill and appropriated the necessary sum from its funds in payment. A voucher was issued to the auditor of Dela
 
 *614
 
 ware county, directing Mm to issue Ms warrant upon the treasurer in the sum of $356.40; the same to be charged against the funds to the credit of the Delaware county board of education. The petition alleges that there was a balance in excess of such sum, not appropriated to any other purpose, to the credit of such board of education. The auditor has refused to issue the warrant, on the ground that the services of the prosecuting attorney were available and that the board of education therefore had no authority to employ other counsel.
 

 Section 2918, General Code, upon the authority of which the board of education proceeded, provides in part as follows: “Nothing in the preceding two sections shall prevent a school board from employing counsel to represent it, but such counsel, when so employed, shall be paid by such school board from the school fund.”
 

 At the time of the enactment of that section the two preceding sections were 2916 and 2917. Subsequently Section 2917-1 was enacted (106 Ohio Laws, 452), but it is apparent that it could not reasonably be an exception to 2918, because it pertains solely to boards of elections. Section 2916 purports to define the powers and duties of prosecuting attorneys. It is not couched in mandatory language and does not purport to absolutely and at all events impose specific duties upon that officer. It states that he “shall have power” in matters pertaining to crimes, and to prosecute actions in which the state is a party, “and such other suits, matters and controversies as he is directed by law to prosecute within or without the county,” etc. Section 2917 is likewise in permissive language, because, wMle it declares the prosecuting attorney to be the legal adviser of the county commissioners and all other county officers and boards, it proceeds to permit them to require of Mm certain actions in connection with their official duties. He is required to prosecute and
 
 *615
 
 defend all suits and actions “which any such officer or board may direct,” and no county officer may employ other counsel or attorney “at the expense of the county except as provided in section twenty-four hundred and twelve.”
 

 Section 4761, General Code, which section is a part of the school code of the state, provides in part: “Except in city school districts, the prosecuting attorney of the county shall be the legal adviser of all boards of education of the county in which he is serving. He shall prosecute all actions against a member or officer of a board of education for malfeasance or misfeasance in office, and he shall be the legal counsel of such boards or the officers thereof in all civil actions brought by or against them and shall conduct such actions in his official capacity.”
 

 All of these statutes are
 
 in pari materia,
 
 and if there were irreconcilable conflict between Section 2918 and the others it would have to be determined which of them would stand and which would fall. If this was the sole consideration in the determination of this case, Section 2918 must prevail, because it was enacted at a later date than any of the other sections. "We are of the opinion, however, that there is no conflict, but that, on the contrary, Section 2918 operates as an exception to the other sections, which renders the problem a comparatively simple one. Section 4761 is in rather peremptory language, imposing certain obligations upon the prosecuting attorney. But the latter part of that section itself makes certain exceptions and cites numerous instances where the prosecuting attorney may not be called upon to advise certain public officers, or to prosecute or defend actions in their behalf.
 

 This controversy presents no question of convenience, or expediency, or economy. It is purely a question of power and authority on the part of the board
 
 *616
 
 of education to employ counsel other than the prosecuting attorney to represent it in litigation or matters involving legal controversy. This must be determined by the construction of the statutes in such cases made and provided. It has been urged that a board of education is a body corporate with power to sue and defend in actions at law and in equity, and that it therefore has inherent and implied powers to employ counsel.
 

 If Section 2918 had never been enacted, we might be driven to consider all these questions. It is not necessary to give them any consideration in Ohio in the present state of the Code provisions. Standing alone it would be readily conceded that Section 2918 gives full authority to the board. "We have no difficulty in determining that the two preceding sections, 2916 and 2917, were particularly eliminated, so far as school boards are concerned in the employment of counsel, provided such counsel is paid not from county funds but from the school funds.
 

 Whatever power the prosecuting attorney might have in interfering with the prosecution or defense of a suit in which a board of education is a party, under and by virtue of Section 4761, and how far he might control the policy of the board of education over any such litigation, need not be determined in this case. We are only concerned with the power of the board of education of Delaware county to employ and pay for the services of an attorney other than the prosecuting attorney. Sections 2916 and 2917 are expressly eliminated, and we are of the opinion that 2918, having been enacted at a later date than 4761, becomes an exception thereto.
 

 The petition therefore states a good cause of action and the demurrer to the petition must be overruled. Defendant will be given leave to answer within ten days. Upon the expiration of that period, if no an
 
 *617
 
 swer is filed, the peremptory writ of mandamus may be awarded.
 

 Demurrer to petition overruled and writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.